UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WAYNE RUSSELL,** | Case No.  16-cv-00613-YGR |
| Plaintiff, | |
| vs. | **ORDER GRANTING MOTION TO REMAND** |
| **ARAMARK REFRESHMENT SERVICES, LLC,** | Re: Dkt. No. 14 |
| Defendant. | |

Plaintiff Wayne Russell filed the instant action in the Superior Court for the State of California, County of Alameda, on behalf of himself and in a representative capacity on behalf of similarly situated employees.  Plaintiff brings claims for penalties under California's Labor Code and Private Attorney Generals Act ("PAGA") based on: failure to furnish accurate wage statements and failure to state availability of paid sick leave.  On February 5, 2016, Defendant Aramark Refreshment Services, LLC removed the action based on diversity jurisdiction, 28 U.S.C. § 1332(a)(1).  (Dkt. No. 1, Notice of Removal, "NOR.")

Currently pending before the Court is Plaintiff's motion to remand the case, arguing that Defendant has not established the amount in controversy exceeds $75,000.  (Dkt. No. 14, "Mtn.") Having read and carefully considered the papers submitted, the admissible evidence, and the pleadings in this action, the Court hereby **GRANTS** the motion.[1]

**I.      LEGAL STANDARD**

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (federal courts "possess only that power authorized by

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

United States District Court
Northern District of California

Constitution and statute"). A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are strictly construed, so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

A district court must remand a case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). There is typically a strong presumption against finding removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The party seeking removal "has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1007 (9th Cir. 2010). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566; *accord Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The court "resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

## II.   DISCUSSION

The parties agree that, absent attorney fees, the amount in controversy for Plaintiff's individual PAGA claims is only $4,950. (NOR ¶¶ 22-26; Mtn. at 2:10.) Accordingly, all that must be determined is whether Defendant met its burden to establish that attorney's fees of at least $70,050.01 can also be considered in controversy. *See* 28 U.S.C. § 1332(a)(1) ("the matter in controversy *exceeds* the sum or value of $75,000…") (emphasis supplied).

"The amount in controversy includes… attorney's fees, if authorized by statute or contract." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006). Plaintiff's prayer for relief specifically seeks attorney's fees. (NOR, Exh. A at 8.) Irrespective of whether Plaintiff specifically requests attorney's fees, PAGA authorizes such an award. "Any employee who prevails in any [PAGA] action shall be entitled to an award of reasonable attorney's fees and

United States District Court
Northern District of California

1  costs." Cal. Labor Code § 2699(g)(1); *see also Patel v. Nike Retail Services, Inc.*, 58 F.Supp.3d

2  1032, 1048 (N.D.Cal. 2014) (prevailing plaintiff in PAGA action may recover attorney fees).

3        Defendant offers a single estimate of $90,000 in attorney's fees for the Court's

4  consideration.  Defendant calculates this estimate based on 200 hours of attorney time at a

5  "relatively conservative rate" of $450 per hour.  (NOR ¶ 31.)  Defendant primarily relies on

6  *Lippold v. Godiva Chocolatier, Inc.* – a PAGA class action – to generate its estimate of attorney's

7  fees in this case.  2010 WL 1526441 at *1 (N.D.Cal. Apr. 15, 2010).  In *Lippold*, the court stated

8  that "attorneys handling wage-and-hour cases typically spend far more than 100 hours on the

9  case." *Id.* at 4.  However, as this Court recently held in a similar PAGA representative action:

> [S]ince *Lippold*, several district courts have recognized that the
> Ninth Circuit's holding in *Urbino v. Orkin Servs. of California, Inc.*,
> 726 F.3d 1118 (9th Cir. 2013), has undermined *Lippold*'s reasoning
> and have declined to extend *Lippold* to PAGA class actions in light
> of *Urbino*.  In *Urbino*, the Ninth Circuit held that civil penalties
> under PAGA cannot be aggregated among class members to
> determine to meet the amount in controversy requirement for federal
> diversity jurisdiction.  726 F.3d at 1122.  Following *Urbino*, the
> growing consensus among district courts in California is that
> attorney's fees similarly cannot be aggregated, but rather they must
> be pro-rated among putative class members when determining the
> amount in controversy. *Patel*, 58 F.Supp.3d at 1049 ("When the rule
> is that claims are not aggregated…(as it is now for PAGA actions
> under *Urbino*), it would seriously undermine the anti-aggregation
> rule to allow attorney's fees to be allocated solely to a named
> plaintiff in determining the amount in controversy") (internal
> alterations omitted); *Mitchell v. Grubhub Inc.*, 2015 WL 5096420 at
> *7 (C.D.Cal. Aug. 28, 2015) (noting that, following *Urbino*, "several
> district courts in this Circuit have determined that the amount in
> controversy in PAGA actions should only include a plaintiff's pro-
> rated attorneys' fees"); *Perez v. WinnCompanies, Inc.*, 2014 WL
> 5823064 at *10-11 (E.D.Cal. Nov. 10, 2014) ("in a putative class
> action, attributing attorneys' fees solely to a named plaintiff for
> purposes of determining the amount in controversy would be
> improper, because the plaintiff would not ultimately be entitled to
> the entirety of that award upon a favorable disposition of the case").
> The Court finds the reasoning in these cases persuasive, and
> concludes that post-*Urbino*, "only the portion of attorney's fees
> attributable to [Plaintiff's] claims count towards the amount in
> controversy." *Patel*, 58 F.Supp.3d at 1049.

*Taylor v. Interstate Group, LLC*, 2016 WL 861020, at *6 (N.D.Cal. March 7, 2016).

Thus, even if the Court were to accept Defendant's estimate of $90,000 as appropriate, that entire amount cannot be attributed to Plaintiff. Instead, the "amount must be distributed *pro rata*" to all similarly situated employees whom Plaintiff seeks to represent. *Id*. Even assuming that only one other such employee exists in the state of California, pro-rating Defendant's estimate of attorney's fees only amounts to $45,000 per person. *See Patel*, 58 F.Supp.3d at 1048-49 (in light of defendant's failure to establish the number of employees in California for whom the plaintiff could bring a representative PAGA claim, the court calculated fees based on assumption of "five such employees"). This is far below the $70,050.01 required to clear the jurisdictional hurdle.

Defendant contends that its $90,000 estimate need not be pro-rated because it only accounts for attorney's fees Plaintiff will incur with respect to his individual claims. The Court disagrees. Under these circumstances, Defendant's estimate appears to be vastly overstated. Defendant offers no case in which an individual Plaintiff seeking approximately $5,000 in PAGA penalties recovered attorney's fees in the range of $90,000. Accordingly, Defendant has failed to meet its burden to establish jurisdiction.

**IV.   CONCLUSION**

Based upon the foregoing, the Court finds that Defendant has not met its burden of establishing that the amount in controversy in this litigation exceeds the jurisdictional threshold under 28 U.S.C. § 1332. Therefore, the motion for remand is **GRANTED**. The clerk is directed to **REMAND** this action to the Superior Court for the State of California, County of Alameda.

**IT IS SO ORDERED.**

Dated: March 11, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**